RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 16a0042p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

─────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 15-5284

BRANDON THOMAS TESSIER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 3:13-cr-00077-1—Kevin H. Sharp, Chief District Judge.

Argued: December 4, 2015

Decided and Filed: February 18, 2016

Before: SILER, GIBBONS, and ROGERS, Circuit Judges.

─────────────

**COUNSEL**

**ARGUED:** R. David Baker, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Nashville, Tennessee, for Appellant. Gwendolyn Stamper, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** R. David Baker, Andrew Brandon, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Nashville, Tennessee, for Appellant. Gwendolyn Stamper, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

ROGERS, J., delivered the opinion of the court in which GIBBONS, J., joined, and SILER, J., joined in the result. SILER, J. (pp. 6–7), delivered a separate concurring opinion.

---

**OPINION**

---

ROGERS, Circuit Judge.  This case involves an issue that was left open by the Supreme Court in *United States v. Knights*, 534 U.S. 112, 120 n.6 (2001): Whether, under the Fourth Amendment, a probationer whose probation order contains a search condition may be subjected to a search in the absence of reasonable suspicion.  Brandon Tessier pled guilty to a federal child-pornography charge but reserved the right to challenge the denial of his motion to suppress evidence of child pornography that was found during a search of his residence.  The parties agree that the search was without reasonable suspicion.  At the time of the search, Tessier was on probation for a 2011 Tennessee felony conviction for sexual exploitation of a minor.  Tessier's probation order contained, among other requirements, the following "standard" search condition that applies to all probationers in Tennessee: "I agree to a search, without a warrant, of my person, vehicle, property, or place of residence by any Probation/Parole officer or law enforcement officer, at any time."  The district court's well-reasoned opinion correctly denied Tessier's motion to suppress under the Fourth Amendment totality-of-the-circumstances reasonableness approach employed by the Supreme Court in *Knights*.  *United States v. Tessier*, No. 3:13–00077, 2014 WL 4851688 (M.D. Tenn. Sept. 29, 2014).  We adopt the district court's reasoning, which fully supports upholding the search and which does not need to be repeated here.

Tessier's arguments on appeal do not detract from the district court's analysis.  Tessier incorrectly cites *United States v. Henry*, 429 F.3d 603 (6th Cir. 2005), for his contention that we "[have] used reasonable suspicion as the appropriate touchstone for this analysis."  In *Henry*, we addressed whether a search that was made pursuant to a Kentucky Department of Corrections policy was constitutional by applying the two-step inquiry set out in *Griffin v. Wisconsin*, 483 U.S. 868 (1987)[1]: first, whether the state policy is reasonable under the Fourth Amendment,

---

[1]*Griffin* governed our inquiry in *Henry* because the search was made pursuant to a state policy, but *Knights* governs our inquiry here because the search was made pursuant to a condition of probation.  *Knights*, 534 U.S. at 117–18.

and, second, whether the search satisfied the requirements of the policy. *Henry*, 429 F.3d at 608 (citing *United States v. Loney*, 331 F.3d 516, 520 (6th Cir. 2003)). We upheld the Kentucky policy, which permitted an officer to conduct a warrantless search only if the officer had reasonable suspicion that the search may produce evidence of a violation of probation. *Id.* at 608–09. We then held that the search was unconstitutional because the officers did not have reasonable suspicion and therefore did not satisfy the requirements of the Kentucky policy. *Id.* at 614. We also explained that the search could not be justified by the search condition contained in the defendant's probation order, because the purpose of the search was to verify the defendant's place of residence and the search condition only permitted searches when the defendant's probation officer had reason to believe that the defendant had "illegal drugs, alcohol, volatile substance, or other contraband." *Id.* at 615. Thus, *Henry* stands for the propositions that a state policy that requires an officer to have reasonable suspicion in order to search a probationer for violations of probation is reasonable under the Fourth Amendment and that a search cannot be justified by a search condition in a probation order when the search falls outside of the terms of the condition. *Henry* does not address the issue here, which is the propriety of a suspicionless search made pursuant to a search condition in a probation order that permits searches for any purpose.

Tessier also inaccurately states that a majority of other circuits hold that the Fourth Amendment requires at least reasonable suspicion for probationer home searches. In fact, none of the cases cited for the proposition so holds. Instead, the cases mostly either uphold home searches where there was reasonable suspicion, *United States v. Graham*, 553 F.3d 6, 18 (1st Cir. 2009), *United States v. Carter*, 566 F.3d 970, 970–75 (11th Cir. 2009), *United States v. Tucker*, 305 F.3d 1193, 1201 (10th Cir. 2002), or uphold less invasive "home visits" where there was no reasonable suspicion, *United States v. LeBlanc*, 490 F.3d 361, 370 (5th Cir. 2007), *United States v. Reyes*, 283 F.3d 446, 462 (2d Cir. 2002). Cases *upholding* searches may imply by negative inference that the searches might not have been upheld in different circumstances, but such inferences are inherently dicta. *See, e.g.*, *Graham*, 553 F.3d at 18 n.7 (recognizing that its decision did not address whether a suspicionless search would have violated the Fourth Amendment). The Third Circuit case of *United States v. Baker*, 221 F.3d 438 (3d Cir. 2000), is also consistent with our holding because its analysis was limited to Pennsylvania law. In that

case the Third Circuit considered whether, as a matter of Pennsylvania law, the Pennsylvania standard consent-to-search form signed by all parolees requires police officers to have reasonable suspicion before they may search a parolee. *Id.* at 440. The court held that the Pennsylvania Supreme Court would construe the form as implicitly requiring searches to be based on reasonable suspicion, and that the suspicionless search of the defendant's trunk was therefore outside the scope of the consent form. *Id.* at 448–49. *Baker*, which was decided without the benefit of *Knights* and *Samson*, does little to further Tessier's arguments. It was decided on the basis of a consent theory, which Tessier argues should not apply (and which we do not address because the search was reasonable under the general Fourth Amendment totality-of-the-circumstances approach). Additionally, the Tennessee Supreme Court has indicated that it views the Tennessee standard search condition as permitting suspicionless searches, *see State v. Turner*, 297 S.W.3d 155, 167 n.12 (Tenn. 2009); therefore, *Baker*'s approach of construing search conditions in state probation orders in line with the state high court's interpretation of their meaning is unfavorable to Tessier.

Additionally, in a supplemental citation made pursuant to Federal Rule of Appellate Procedure 28(j), Tessier cites *State v. Carman-Thacker*, No. M2014-01859-CCA-R3-CD, 2015 WL 5240209 (Tenn. Crim. App. Sept. 8, 2015). In reversing the trial court's denial of a probationer's motion to suppress because the search was not supported by reasonable suspicion, the *Carman-Thacker* court cited *Knights* for the proposition that "[w]hen a person has signed a probation agreement providing written consent for a warrantless search of the person's residence, such a search may be conducted if reasonable suspicion for the search exists." *Id.* at *5. However, *Knights* stood for no such thing; *Knights* held that reasonable suspicion is sufficient to uphold a search of a probationer who is subject to a search condition but left open the question of whether reasonable suspicion is required to search a probationer who is subject to a search condition. 534 U.S. at 120 n.6. The *Carman-Thacker* court's reasoning is therefore unpersuasive.

Finally, as in *Knights*, 534 U.S. at 116–18, it cannot be argued that the suspicionless search in this case did not serve legitimate law enforcement and/or probationary purposes. We do not address the question of whether a search of a probationer's home that has no legitimate

law enforcement or probationary purpose—such as a search with no purpose other than to harass the probationer—would be reasonable under the Fourth Amendment.

The judgment of the district court is affirmed.

_____

**CONCURRENCE**

_____

SILER, Circuit Judge, concurring.  I commend the majority in concluding that the search in this case can be upheld on a totality-of-the-circumstances reasonableness approach from the decision in *United States v. Knights*, 534 U.S. 112, 116-18 (2001).  As the majority correctly concludes, *Knights* held that reasonable suspicion is sufficient to uphold a search of a probationer who is subject to a search condition.  However, *Knights* left open the issue of "the constitutionality of a suspicionless search because the search in th[at] case was supported by reasonable suspicion."  *Id.* at 120 n.6.  In this case, there was no reasonable suspicion.  The officers, as part of a general sweep called "Operation Sonic Boom," searched all residences of known sex offenders in the county.  When they entered Tessier's residence, one of the officers raised a mattress from the bedroom floor and found the laptop computer containing the pornographic material seized.  I cannot find other circumstances which take this beyond a general sweep of the county, unless one infers that such a sweep can be conducted against all prior sex offenders.

Instead, I would uphold the search on the grounds that, pursuant to the standard search condition that applies to all probationers in the state, Tessier agreed to a warrantless search of his property and residence "by any . . . law enforcement officer, at any time."  The circumstances in this case are not much different from those found in *Samson v. California*, 547 U.S. 843 (2006), except that the petitioner there was a parolee rather than a probationer, but he was subject to similar circumstances in that he submitted "to suspicionless searches by a parole officer or other peace officer 'at any time.'"  *Id*. at 852 (citation omitted).  The Court went on to conclude "that petitioner did not have an expectation of privacy that society would recognize as legitimate."  *Id*.

As mentioned, Tessier signed the search permit as a condition of his probation.  Just above his signature, the language provides:  "I have read or have had read to me, the conditions of my Probation.  I fully understand them and agree to comply with them."  He also signed a specialized conditions form below other language that stated:  "I understand that if I do not agree

with any condition, I have a right to petition the Sentencing Court for a modification. Any release from these instructions will be provided to me in writing." Therefore, I would find this consent valid and the search was not unconstitutional. I concur in affirming the district court.